the overhead switch to throw off the power, although he had been instructed to do so in the school of instruction, because, as he says:

"I was going at a high rate of speed, and, when I seen I was going to collide with the other man, I got excited and I did not think of it."

In view of this testimony, it is impossible to say that the accident occurred through the inability of the motorman properly to use the controller, because he does not even know whether he succeeded in shutting off the power; nor can the collision be ascribed to the alleged defective brakes, because the only testimony as to this is that he tried to put on the brakes. He does not say how or when he tried to put them on, nor whether he succeeded. Moreover, the defendants' uncontradicted testimony is that each car had four shoe brakes, and that the absence of one would have little effect on the efficiency of the brake as a whole. The motorman's testimony is not reluctantly elicited; but he is a friendly witness of the plaintiff, appearing voluntarily, and not under subpœna, and is a discharged employé of the defendants. His testimony shows that the cause of the collision was his own negligence, or, as he says: "He got excited."

If the collision was due to his negligence, then, since he was a fellow employé of the plaintiff, the plaintiff cannot recover, without showing that the defendants were negligent in giving him control of the car. With the exception of the testimony that he was not instructed in the use of the patent controller, there is no evidence of any kind that the defendants did not use due care in selecting him as an employé. On the contrary, it affirmatively appears that he was in the defendants' school of instruction for four weeks before the head of the school gave him a certificate.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

(65 Misc. Rep. 43.)

### VILICKI v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—AUTOMOBILES—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE.

Plaintiff alighted from the middle of an open street car at a street intersection. Before alighting, he saw defendant's automobile approaching in the same direction as the car, then about 20 feet away, and he was struck immediately, while alongside the car. Held, that either plaintiff's testimony that he saw the car was untrue, or he placed himself in a position of danger, expecting the chauffeur to avoid collision; and hence plaintiff failed to show absence of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705;* Highways, Cent. Dig. § 460.]

2. DAMAGES (§ 131*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, after he was injured, went to the hospital, where both of his knees were bandaged, when he took a street car home, and went to bed for a week, while he was attended daily by a physician, after which he was confined to his home for another week. He suffered pain in his knee, and was unable to work for such two-week period, during which he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could have earned $38. *Held* that, in the absence of evidence as to the nature of his injuries, a verdict allowing him $250 damages was excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 357; Dec. Dig. § 131.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Julius Vilicki against the New York Transportation Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Arthur K. Wing (George F. Wing, of counsel), for appellant.

Goldstein & Goldstein, for respondent.

LEHMAN, J. The plaintiff came up Broadway with a companion in an open car. He sat at about the middle of the car. When the car reached Nineteenth street, he started to alight. He got off on the east side, looking east. Before alighting, he saw an automobile approaching on its way north, and it was then about 20 feet away. He did not see the automobile after he got off the car, because he was struck immediately, while right alongside of the car. His companion testifies that he was following the plaintiff off the car, and before he had both feet off the car, he saw the plaintiff struck by the automobile. The automobile stopped alongside of the car and before the front wheel had gone over the plaintiff. The defendant put in no evidence. There is, therefore, no conflict of testimony, and the only serious question raised on this appeal is whether this testimony is sufficient to show negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff.

The plaintiff claims that he saw the automobile when it was 20 feet, or perhaps more, away from him, and yet it struck him immediately after he alighted. Either his testimony that he saw it is untrue, or he placed himself in a position of danger, expecting the driver to avoid a collision. Even if he has shown any negligence on the part of the defendant's driver, he has certainly completely failed to show an absence of contributory negligence on his own part.

Moreover, the damages were clearly excessive. There is no medical testimony of any kind, and even the plaintiff gave no testimony, as to the nature of his injuries. It only appears that he went to the hospital, and both his knees were bandaged; that he took a car home, and was in bed for a week, while a doctor attended him daily, and thereafter he was confined to his home for another week; that he suffered pain in his knee; and that during the two weeks, while he was unable to work, he should have earned $38. The trial justice allowed $250 damages, apparently compensating him in the sum of $214 for pain and suffering.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes